UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
LEOPOLD FRIEDMAN, Individually and on behalf
of all others similarly situated,

                Plaintiff,

    -against-

ONLINE INFORMATION SERVICES, INC.,

                Defendants.
---------------------------------------------------------------------------X

Case No.: 1:22-cv-04869

**PETITION FOR REMOVAL**

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

**ON NOTICE TO:**

| | |
|---|---|
| STEIN SAKS, PLLC | The Clerk of the Supreme Court |
| Attorneys for Plaintiff | of the State of New York, County |
| One University Plaza, Suite 620 | of Kings |
| Hackensack, New Jersey 07601 | 360 Adams Street |
| (201) 282-6500 | Brooklyn, New York 11201 |

Petitioner, ONLINE INFORMATION SERVICES, INC. ("Defendant"), by and through its attorneys, Catalano Gallardo & Petropoulos, LLP, alleges as follows:

**I.  PLEADING AND FILINGS IN STATE COURT ACTION**

1.  This putative class action was filed by Plaintiff Leopold Friedman ("Plaintiff") on or about July 7, 2022, in the Supreme Court of the State of New York, County of Kings, Index Number 519377/2022.  A true and correct copy of the Summons and Class Action Complaint and the exhibits annexed thereto, as filed with the State Court electronically via the New York State Courts Electronic Filing system ("NYSCEF"), is annexed hereto as **Exhibit "A"**.

2.  Issue has not yet been joined. Pursuant to a stipulation entered into by Plaintiff

1

and Defendant which was filed with the State Court on August 10, 2022, Defendant presently has until and including September 2, 2022 to appear, answer, plead, or otherwise respond to the Class Action Complaint. (A true and correct copy of the said Stipulation as filed with the State Court is annexed hereto as **Exhibit "B"**.).

## II. TIMELINESS OF REMOVAL

3. The filing of this Notice of Removal and any related papers is timely made under 28 U.S.C. § 1446(b) because it has been filed within 30 days of the date that the defendant was served and caused to receive a copy of the Summons and Class Action Complaint. Specifically, on or about July 18, 2022, Plaintiff caused Defendant to be served with the said papers annexed hereto as **Exhibit "A"**. Further, Plaintiff thereafter stipulated that Defendant shall have until and including September 2, 2022 to respond to the said pleading. (*See*, **Exhibit "B"** annexed hereto).

## III. NATURE OF THE ACTION

4. Plaintiff's Class Action Complaint asserts claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") arising from alleged material false misrepresentations in a collection letter that Defendant sent to Plaintiff: specifically, that Plaintiff owed a debt on an account which Plaintiff claims does not exist to a creditor with whom someone else in Plaintiff's household does have an account which Plaintiff claims to have been current as of the date of the said collection letter. *See* Complaint at paras. 5 (Nature of Action), 25-44 (Factual Allegations), 54-68 (Counts I, II, and III); Exhibits A and B to Complaint.

## IV. JURISDICTION OF THIS COURT FOR PURPOSES OF REMOVAL

5. As the Complaint asserts claims for alleged violations of a federal statute, 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), this action is one of

2

a civil nature over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, such that removal is proper pursuant to 28 U.S.C. § 1441, in accordance with. *See, e.g.*, *Gallego v. Northland Group Inc.*, 814 F.3d 123, 128 (2d Cir. 2016) (holding that the plaintiff's "FDCPA claims meet the very low threshold required to support federal-question jurisdiction, despite their ultimate lack of merit"); *Doherty v. Citibank (S. Dakota) N.A.*, 375 F. Supp. 2d 158, 160-61 (E.D.N.Y. 2005) [quoting 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d)] ("Because the FDCPA provides that 'an action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy ...,' 15 U.S.C. § 1692k(d), the complaint states a federal question. Thus, removal was proper pursuant to 28 U.S.C. § 1441(b).").

6. Removal of this action is also properly sought as this is an action over which this Court possesses subject matter jurisdiction. Although this Court has held that an FDCPA class action is not one over which this Court has subject matter jurisdiction in the absence of factual allegations establishing that the plaintiff has "suffered an injury in fact," *see, e.g.*, *Wolkenfeld v. Portfolio Recovery Associates, LLC*, 22-CV-1156 (PKC)(CLP), 2022 WL 1124828, at *1 (E.D.N.Y. Apr. 14, 2022), here, Plaintiff has pled facts which, if true, would constitute an "injury in fact" sufficient to confer standing upon him under Article III of the Constitution and in accordance with *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2205 (2021) and its progeny.

7. Specifically, Plaintiff's Complaint alleges that Plaintiff received a letter from Defendant which was addressed to Plaintiff and which references an alleged non-existent account in Plaintiff's name, which account is claimed to have money due and owing on it; but

3

Plaintiff's household does have an account which is under another member of his household's name and which "was current according to the applicable ConEd bill at the time"; and, that Plaintiff's receipt of the letter thus specifically harmed him, including, inter alia, by way of causing him "shock, anxiety, stress and lost sleep," "reputational harm," and to be "fearful to call and be pressured by the Defendant, who appeared to be a fraudulent actor"; and to thus, in reliance on the letter, spend time and money "trying to determine if this debt was his" and "if the Letter was in fact just a scam or whether it was based on a real debt," and "trying to mitigate harm in the form of dominion and control over his funds," and to have reacted to the Letter in this way because its alleged "material misrepresentations" prevented Plaintiff from being able "to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt" as communicated to him by the said Letter. *See* **Exhibit "A"** at, e.g., pp.6-8.

8.  This case is thus distinguishable from those in which this Court has found subject matter jurisdiction to be lacking. *See, e.g.*, *Nojovits v. Ceteris Portfolio Services, LLC*, 22-CV-2833 (PKC)(CLP), 2022 WL 2047179 (E.D.N.Y. Jun. 7, 2022) (risk of "future" harm insufficient); *Steinmetz v. Financial Recovery Services, Inc.*, 21-cv-05981 (BMC), 2022 WL 2441239, at *4 (E.D.N.Y. Jul. 5, 2022) [citing, inter alia, *Ciccone v. Cavalry Portfolio Servs., LLC*, 21-cv-2428, 2021 WL 5591725, at *5 (E.D.N.Y. Nov. 29, 2021), and explaining that pleading is insufficient where a plaintiff does not allege detrimental reliance with specific facts—for example, "that he would have availed himself to the discount had the wording been clearer"—as distinct from "conclusory allegations that 'the funds he could have used to pay all

4

or part of the alleged debt were spent elsewhere,' and that he 'would have pursued a different course of action'"].

9. The filing of this Notice of Removal and any related papers is timely made under 28 U.S.C. § 1446(b) because it has been filed within 30 days of the date that defendant was served with a copy of the Summons and Class Action Complaint.

### V.   VENUE

10. The United States District Court for the Eastern District of New York is the proper venue for this action because it is the federal district court that embraces the Supreme Court of the State of New York, County of Kings, the forum in which the original action was filed and is pending. *See* 28 U.S.C. §§ 112(c), 1441(a), and 1446(a).

### VI.   NOTICE

11. In accordance with 28 U.S.C. § 1446(d), concurrent with filing this Petition for Removal, Defendant is filing a copy of same and any related papers with the Clerk of the Supreme Court of the State of New York, County of Kings, via the New York State Courts Electronic Filing system ("NYSCEF"), in order to effectuate removal of this action pursuant to 28 U.S.C. § 1446(d). Such filing via NYSCEF constitutes service upon Plaintiff with written notice of this filing and related papers. A copy of the Notice to the State Court and Plaintiff of the filing of this Petition for Removal to Federal Court is annexed hereto as **Exhibit "C"**.

### VII.   MISCELLANEOUS

12. No prior application has been made for the relief requested herein.

13. By filing this Petition for Removal, Defendant does not waive any defenses, either procedural or substantive, that may be available to it; including, but not limited to, its

5

right to contest *in personam* jurisdiction, improper service of process or the absence of venue in this Court or in the court from which the action has been removed.

14. Defendant expressly reserves and does not waive its right to amend this Petition for Removal and/or offer evidence supporting this Court's jurisdiction over this action.

**WHEREFORE**, petitioner, Defendant Online Information Services, Inc., prays that this case be removed to the United States District Court for the Eastern District of New York, in accordance with 28 U.S.C. §§ 1331, 1441, and 1446.

Dated: Jericho, New York
August 17, 2022

Yours etc.,

CATALANO GALLARDO
 & PETROPOULOS, LLP

By: *Matthew K. Flanagan*

MATTHEW K. FLANAGAN, ESQ.
JENNA L. FIERSTEIN, ESQ.
Attorneys for Defendant
ONLINE INFORMATION SERVICES, INC.
100 Jericho Quadrangle, Suite 326
Jericho, New York 11753
(516) 931-1800
Our File No.: 77-2532

TO: State Court and Plaintiff Via NYSCEF